FARMERS' LOAN AND TRUST COMPANY, Trustee, Respondent, *v.*
BANKERS AND MERCHANTS' TELEGRAPH COMPANY and Others,
Defendants.

In the Matter of the Claim of THE THIRD NATIONAL BANK of the
City of New York, Appellant.

*Claim against a corporation for money loaned — not entitled to a preference although
the money was used for the same purposes as the proceeds of receiver's certificates —
claims of bondholders and of an attaching creditor — construction of a stipulation
in regard to.*

Where a corporation borrows money to secure the payment of which collateral
security is given, which subsequently proves to be insufficient in amount to
repay the loan, the fact that the money borrowed has been partially expended
by the borrower, for purposes for which the receiver of the corporation might
have asked the court for leave to borrow money upon receivers' certificates, is
not sufficient to give a preference to the claim of such creditor over the claims
of the holders of bonds issued by such corporation and secured by a trust mort-
gage given by such corporation upon its property.

A written stipulation was entered into between a creditor of a corporation, who
had obtained attachments against its property in foreign states, and the trustee
named in a trust mortgage given by such corporation, which was in the process
of foreclosure, in the following words:

"It is stipulated that in case the petitioner shall establish on a reference to be
ordered herein, that it is entitled to share in the proceeds of the sale in prefer-
ence to the bondholders, then the petitioner shall be paid the amount that it may
be adjudged as entitled to receive out of such proceeds before the distribution of
the proceeds, and that in case the proceeds are distributed before the decision
on any such reference, the petitioner shall be given, before such distribution,
a bond in the penal sum of $25,000, with satisfactory sureties, conditioned for
such payment as aforesaid."

*Held*, that by the stipulation the creditor released its claims under the attach-
ments, if any it had, and elected to base its claims upon a right of payment in
preference to the claims of the bondholders;

That it was only in case such right was established, that such creditor was to be
entitled to participate in the distribution of the amount realized upon the fore-
closure sale.

APPEAL by the Third National Bank of the City of New York
from an order of the Supreme Court, made at the New York
Special Term and entered in the office of the clerk of the county
of New York on the 3d day of July, 1894, confirming the report
of a referee and directing a distribution by him, and also from

an order of the Supreme Court, made at the New York Special Term and entered in said clerk's office on the 3d day of July, 1894, adjudging the claim of the appellant not to be a preferred claim, and denying the prayer of its petition.

*Everett P. Wheeler*, for the appellant.

*W. W. Cooke*, for the respondent.

Van Brunt, P. J.:

Prior to June, 1884, the Bankers and Merchants' Telegraph Company was engaged in business in the construction and operation of certain telegraph lines. In or about said month an application was made to the Third National Bank of the city of New York by one of the officers of that company for a loan of $50,000 for the purpose, according to his statement, of meeting current supplies, contract payments, etc. It was also stated that the company was in great straits for want of the amount thus requested, but that with the aid of such advance the company could meet its pressing liabilities of the description thus stated, and would also be able to pay its coupons on its first mortgage bonds, which would fall due on the first of July. On the 3d of June, 1884, the Third National Bank loaned to the Bankers and Merchants' Telegraph Company $50,000 upon its note, and upon its giving as collateral security $300,000 of the first mortgage bonds of the company: The note was payable sixty days after date, and authorized the bank to sell the securities forthwith on failure to pay the note, without notice. Upon the maturity of the note on August 4, 1884, a payment of $10,000 on account was made and a new note for $40,000 was given, and an additional $100,000 of the bonds were deposited as collateral for the payment of the same. In September, 1884, a creditor's action was commenced against the company, and on the twenty-fourth of September receivers of all the property of the company were appointed. In December, 1884, the bondholders commenced a suit and the same receivers were appointed. In the latter part of March, 1885, the Third National Bank was served with a copy of the judgment in the bondholders' suit. About April 25, 1885, the Farmers' Loan and Trust Company, as trustee, under a

$10,000,000 mortgage, commenced a suit to foreclose the same, and a receiver was appointed to succeed the receiver who was then holding in the bondholders' action. He turned over to the receiver in the foreclosure suit all the property of the Bankers and Merchants' Telegraph Company. On the 1st of May, 1885, receivers were appointed in the foreclosure suit, and on the 5th of May, 1885, the Third National Bank commenced attachment suits in Rhode Island and Massachusetts. On the eleventh of June the bank was enjoined from prosecuting the same, and upon the next day obtained leave to sell the bonds that it held as collateral security, and on the twenty-sixth of June it gave notice that it would sell the collaterals, which it sold on the next day for the sum of $19,361.80. On the twenty-fourth of June the Farmers' Loan and Trust Company obtained its judgment of foreclosure and sale. On the twenty-fifth of July a stipulation was made on behalf of the Third National Bank as follows : "It is stipulated that in case the petitioner shall establish, on a reference to be ordered herein, that it is entitled to share in the proceeds of the sale in preference to the bondholders, then the petitioner shall be paid the amount that it may be adjudged as entitled to receive out of such proceeds before the distribution of the proceeds, and that in case the proceeds are distributed before the decision on any such reference, the petitioner shall be given, before such distribution, a bond in the penal sum of $25,000, with satisfactory sureties, conditioned for such payment as aforesaid."

On the 31st of July, 1885, the property of the Bankers and Merchants' Telegraph Company was sold under the judgment of fore-closure. On the sixteenth of September the bank obtained an order of reference under and by virtue of the stipulation aforesaid. On the 23d of January, 1886, the bank filed a petition to set aside the injunction that had been granted on the 12th of June, 1885, and for leave to go on with its attachment suits in Rhode Island and Massachusetts. On the 18th of February, 1886, an order to show cause was obtained requiring the Third National Bank to show cause why the said bank should not withdraw, cancel and annul the attachments obtained by it as above mentioned, and on the 19th of March, 1886, it was ordered and adjudged, among other things, that the Third National Bank cancel and annul of record the attachments in these suits, and that in case the petitioner should establish on the refer-

ence hereinafter ordered that it is entitled to share in the proceeds of the sale in preference to the bondholders, it should have the same priority in the distribution of such proceeds as it would have had under the laws of said States respectively (referring to the States in which the attachments were issued) with respect to the property levied upon ; and thereupon a refereee was appointed to take proofs and report to the court with his opinion thereon as to the liens of the said attachments, the value of the property upon which the same were levied, and in case the said Third National Bank should establish that it was entitled to share in such proceeds of the sale in preference to the bondholders, the referee was directed to report the interest of the bank in said proceeds by virtue of said attachments, etc.   The referee, after a hearing, reported that the Third National Bank had no claim which could be considered superior to the bonds or would entitle it to rank with the receiver's certificates.   And from the order thereupon entered this appeal is taken.

The foundation of the claim of the appellant rests upon the doctrine of subrogation ; and we are called upon to extend a preference to its claims as though it held receivers' certificates (these certificates having been invented for the purpose of giving a preference to unsecured claims over liens acquired by express contract, a recognition of which invention by our courts has brought such discredit upon all classes of our securities in the eyes of the commercial world) for borrowed money for which collateral security was taken at the time, but which subsequently turned out not to be quite as valuable as was imagined, upon the ground that the money borrowed had been partially expended by the borrower for the purposes for which the receivers might have asked the court for leave to borrow money upon receivers' certificates.

We have examined the interesting brief of the learned counsel for the appellant to ascertain whether contractual rights had been to this degree set aside by the courts, but have been unable to find that with all their liberality towards the payment of unsecured claims in the case of insolvent corporations they have yet taken this step.

It is apparent upon reading the stipulation to which attention has been called, that the Third National Bank released its claim under the attachments, if any it had, and elected to base its claims upon a right of payment in preference to the bondholders ; and that it was

only in case (upon this reference so ordered) such right was established that such bank was to be entitled to participate in the distribution of the amount realized upon the foreclosure sale. There seems to be no other interpretation to be given to this stipulation, and, it having so elected, it cannot now be permitted to establish a claim by reason of the attachments, if any it may have had.

We are of opinion, therefore, that the orders appealed from should be affirmed, with costs.

PARKER and O'BRIEN, JJ., concurred.

Orders affirmed, with costs.